UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MITT ROMNEY et al., <br><br> Defendants. | NO.  06-11295 WGY |

## ANSWER

Defendants Mitt Romney, John Cogliano, and Luisa Paiewonsky hereby answer the Complaint dated July 27, 2006 as follows:

1. State that Paragraph 1 of the Complaint merely characterizes the relief sought and as such requires no answer; to the extent said paragraph is construed to allege facts, they are denied.

2. Deny Paragraph 2 of the Complaint.

3. As to Paragraph 3 of the Complaint, state that the first and second sentences of Paragraph 3 characterize a document which is attached to the Complaint and which speaks for itself, and deny those sentences to the extent inconsistent with that document.  Deny sufficient knowledge or information to respond to the third sentence of Paragraph 3.

4. Deny Paragraph 4 of the Complaint.

5. State that Paragraph 5 of the Complaint consists of legal conclusions requiring no answer; to the extent said paragraph is construed to allege facts, they are denied.

6. Deny sufficient knowledge or information to respond to Paragraph 6 of the Complaint.

7. Deny sufficient knowledge or information to respond to Paragraph 7 of the Complaint.

8. Deny sufficient knowledge or information to respond to Paragraph 8 of the Complaint.

9. Admit Paragraph 9 of the Complaint.

10. As to Paragraph 10 of the Complaint, admit that defendant Cogliano is the Secretary of Transportation and that he has responsibility for oversight of the Massachusetts Highway separate storm sewer system, and otherwise deny.

11. Admit Paragraph 11 of the Complaint.

12. State that Paragraph 12 of the Complaint contains only legal conclusions requiring no answer, and deny said paragraph to the extent it is inconsistent with the referenced statutes.

13. State that Paragraph 13 of the Complaint contains only legal conclusions requiring no answer, and deny said paragraph to the extent it is inconsistent with the referenced statutes and regulations.

14. Deny Paragraph 14 of the Complaint, and affirmatively state that the application by the Massachusetts Highway Department for authorization under the United States Environmental Protection Agency ("EPA")'s National Pollutant Discharge

Elimination System ("NPDES") general permit for Small Municipal Separate Storm Sewer Systems ("MS4s") was submitted both to the EPA and to the Massachusetts Department of Environmental Conservation.

15. As to Paragraph 15 of the Complaint, admit the first sentence, deny sufficient knowledge or information to respond to the allegation concerning EPA's website, and state that the final sentence is a legal conclusion requiring no answer; deny the final sentence to the extent inconsistent with the law.

16. State that Paragraph 16 of the Complaint consists of legal conclusions requiring no answer and of characterizations of a document (the EPA General Permit for MS4s), which speaks for itself; deny those legal conclusions to the extent inconsistent with the referenced statute and regulations, and deny those characterizations to the extent inconsistent with the referenced document.

17. State that Paragraph 17 of the Complaint consists of legal conclusions requiring no answer, and deny said paragraph to the extent inconsistent with the referenced regulation.

18. State that Paragraph 18 of the Complaint consists of legal conclusions requiring no answer and of characterizations of a document (the EPA General Permit for MS4s) which speaks for itself; deny those legal conclusions to the extent inconsistent with the referenced statute and regulations, and deny those characterizations to the extent inconsistent with the referenced document.

19. State that Paragraph 19 of the Complaint consists of legal conclusions requiring no answer and of characterizations of a document (the EPA General Permit for

MS4s) which speaks for itself; deny those legal conclusions to the extent inconsistent with the referenced statute and regulations, and deny those characterizations to the extent inconsistent with the referenced document.

20. As to Paragraph 20 of the Complaint, admit the first sentence and deny the second sentence.

21. State that Paragraph 21 of the Complaint characterizes written documents which speak for themselves, and deny said paragraph to the extent inconsistent with those documents.

22. State that Paragraph 22 of the Complaint consists of legal conclusions requiring no answer, and deny those conclusions to the extent inconsistent with the referenced statute.

23. State that Paragraph 23 of the Complaint consists of legal conclusions requiring no answer and of characterizations of documents which speak for themselves; deny those legal conclusions to the extent inconsistent with the referenced statutes, and deny those characterizations to the extent inconsistent with the referenced documents.

24. Deny Paragraph 24 of the Complaint,

25. State that Paragraph 25 of the Complaint consists of legal conclusions requiring no answer, and deny those conclusions to the extent inconsistent with the referenced statute.

26. State that Paragraph 26 of the Complaint characterizes a written document which speaks for itself and which is attached to the Complaint, and deny said paragraph

to the extent inconsistent with that document.

27. State that Paragraph 27 of the Complaint characterizes a written document which speaks for itself and which is attached to the Complaint, and deny said paragraph to the extent inconsistent with that document.

28. State that Paragraph 28 of the Complaint characterizes a written document which speaks for itself and which is attached to the Complaint, and deny said paragraph to the extent inconsistent with that document.

29. State that Paragraph 29 of the Complaint characterizes a written document which speaks for itself and which is attached to the Complaint, and deny said paragraph to the extent inconsistent with that document.

30. State that Paragraph 30 of the Complaint characterizes a written document which speaks for itself and which is attached to the Complaint, and deny said paragraph to the extent inconsistent with that document.

31. Deny Paragraph 31 of the Complaint,

32. State that Paragraph 32 of the Complaint merely incorporates by reference earlier paragraphs of the Complaint; the responsive paragraphs of this Answer are hereby incorporated and pled in response.

33. Deny Paragraph 33 of the Complaint.

## First Defense

34. The Complaint fails to state a claim for relief.

## Second Defense

35. Plaintiffs' claims are not ripe. The issues in this case are not presently fit for

judicial decision because allowing the ongoing EPA regulatory process to conclude would significantly advance the Court's ability to deal with the legal issues presented and may moot plaintiffs' claims. Plaintiffs will not suffer any hardship if the case is dismissed for lack of ripeness because of their active participation in the EPA process.

### Third Defense

36. Plaintiffs lack standing because they cannot demonstrate either causality or redressability of their alleged injury. Plaintiffs cannot demonstrate causality because the fact that MassHighway does not yet have an NPDES permit is not the result of any act or omission on the part of defendants but rather to the time-consuming EPA permit process (and plaintiffs themselves have contributed to the delays of that process). Plaintiffs also cannot demonstrate redressability, since part of what plaintiffs seek is an NPDES permit, but only EPA can issue such a permit.

### Fourth Defense

37. The Court lacks subject matter jurisdiction due to lack of ripeness and lack of standing.

### Fifth Defense

38. Plaintiffs have failed to join EPA. EPA is a necessary party to this action because complete relief cannot be accorded among those already parties in EPA's absence and because resolution of plaintiffs' claims in EPA's absence will potentially subject defendants to a substantial risk of inconsistent obligations.

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        Attorney for Defendants

        ____/s/ Deirdre Roney____
        Deirdre Roney, BBO No. 652886
        Assistant Attorney General
        One Ashburton Place - Room 2019
        Boston, Massachusetts   02108
        (617) 727-2200, Ext. 2093

Date: November 27, 2006

I hereby certify that a true copy of this document was served upon counsel for the plaintiffs (Mr. Shelley and Ms. Rawn) by electronic mail on November 27, 2006.

        ____/s/ Deirdre Roney_____