UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEVAL PATRICK et al., )<br>)<br>Defendants. ) | NO.  06-11295 WGY |

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

Defendants submit this memorandum of law in support of their Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1.

This case is a citizen suit under the Clean Water Act, 33 U.S.C. § 1365, seeking injunctive relief based upon the allegation that the Massachusetts Highway Department ("MassHighway") is violating the Clean Water Act, 33 U.S.C. Sec. 1251 et seq., by discharging storm water from its highways without authorization under the National Pollutant Discharge Elimination System General Permit for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems ("NPDES General Permit for Small MS4s") issued by the United States Environmental Protection Agency ("EPA").  It is undisputed that since the date when this case was commenced EPA has granted MassHighway authorization to discharge under the NPDES General Permit for Small MS4s.  Specifically, on January 25, 2007, EPA granted MassHighway partial authorization to discharge storm water under the NPDES General Permit for Small MS4s,

1

pending MassHighway's demonstration of compliance with pertinent provisions of the Endangered Species Act. MassHighway subsequently demonstrated compliance with those provisions, and on April 27, 2007, EPA granted MassHighway full authorization to discharge.

Defendants moved to dismiss this action as moot, citing EPA's action authorizing MassHighway storm water discharges under the NPDES General Permit for Small MS4s. In response, plaintiffs argued that the case was not moot because MassHighway has not received EPA approval of its Storm Water Management Plan. On September 12, 2007, this Court denied defendants' motion to dismiss.

## ARGUMENT

### DEFENDANTS ARE IN COMPLIANCE WITH THE CLEAN WATER ACT AND SHOULD THEREFORE BE GRANTED SUMMARY JUDGMENT.

The Clean Water Act prohibits the discharge of any pollutant from a point source into navigable waters unless the discharge complies with the terms of an NPDES permit. 33 U.S.C. §§ 1311(a) and 1342; Gwaltney v. Chesapeake Bay Foundation, 484 U.S. 49, 52 (1987). Here, it is undisputed that subsequent to the filing of this action, EPA authorized MassHighway to discharge storm water from its road system pursuant to the NPDES General Permit for Small MS4s. The other federal courts that have addressed the question whether these circumstances moot a citizen action under the Clean Water Act have uniformly concluded that they do. Mississippi River Revival, Inc. v. City of Minneapolis, 319 F. 3d 1013 (8th Cir. 2003); National Resources Council of Maine v. International Paper Company, 424 F.Supp.2d 235 (D. Maine 2006); River Ravine Rescue, Inc. v. City of South St. Paul, 2004 WL 1559448 (D. Minn. 2004).

The Mississippi River Revival case is directly on point. That case, like this one, was a

2

citizen suit pursuant to 33 U.S.C. § 1365.  Plaintiffs alleged that the defendants, the cities of Minneapolis and St. Paul, were violating the Clean Water Act by discharging storm water through their storm sewer systems without required permits.  The cities obtained the required permits after the complaint was filed.  The plaintiffs in that case properly conceded that their claims for injunctive and declaratory relief were moot, but contended that they could continue to seek civil penalties.   The Court rejected that argument, noting that citizen suits under the Clean Water Act are limited to "remedies that will redress ongoing and future injury," and that consequently the case was properly dismissed as moot because of the issuance of NPDES storm water permits.  319 F. 3d at 1014-1018.  See also Natural Resources Council of Maine, supra, 424 F. Supp. 2d at 252-257.

     Plaintiffs argued, however, and this Court apparently agreed, that this action was not moot, because MassHighway does not have a Storm Water Management Plan that has been "approved" by EPA, and that, until "all elements" of the Storm Water Management Plan have been "approved" by EPA, MassHighway "cannot be authorized to discharge under the General Permit," Pls. June 21, 2007 Opposition to Motion to Dismiss, pp. 7, 11.  This argument fundamentally misconstrues the law as it relates to NPDES permits and storm water management plans.

     The NPDES General Permit for Small MS4s (a copy of which is attached to Defendants' Motion for Summary Judgment) obligates MassHighway to craft a Storm Water Management Plan consisting of "best management practices for each minimum control measure" described in specified portions of the Permit (among others, illicit discharge detection and elimination, construction site storm water runoff control, and pollution prevention) and of measurable goals

for those practices, NPDES General Permit for Small MS4s, § IE.  But neither the General Permit itself, nor any provision of federal law, suggests that there will be an EPA "approval" of "all elements" of MassHighway's plan, as plaintiffs imply will occur.  Rather, the General Permit expressly contemplates both that MassHighway itself can change its Storm Water Management plan on notice to EPA and the Massachusetts Department of Environmental Protection ("DEP"), and that EPA and DEP can also require changes to the Plan as needed. NPDES General Permit for Small MS4s, § VD.  Under this regulatory system, there will not be an "approval" of "all elements" of MassHighway's Plan that would enable MassHighway to go on following that Plan for the life of the General Permit; rather, there will be an ongoing conversation between EPA and MassHighway about the Plan that may well result in changes to the Plan to reflect changing views about best management practices and how to achieve them.

Plaintiffs' view of the law, that this case will not be moot until there is EPA "approval" of "all elements" of MassHighway's plan, means that this case will never be moot, even though MassHighway has obtained authorization to discharge storm water under the NPDES General Permit for Small MS4s.  This position is inconsistent with 33 U.S.C. §§ 1311(a) and 1342, providing that discharges are prohibited unless they comply with the terms of an NPDES permit. Here, where it is undisputed that MassHighway's storm water discharges are authorized under the General Permit, defendants are in compliance with the Clean Water Act, as discussed in Mississippi River Revival and the other cases cited above.  Summary judgment should therefore be granted for defendants.

## **Conclusion**

Summary judgment should be granted for defendants.

                                                   Respectfully submitted,

                                                   MARTHA COAKLEY
                                                   ATTORNEY GENERAL

                                               Attorney for Defendants

                                               __/s/ Deirdre Roney_____
                                               Deirdre Roney, BBO No. 652886
                                               Assistant Attorney General
                                               One Ashburton Place - Room 2019
                                               Boston, Massachusetts   02108
                                               (617) 727-2200, Ext. 2093

Date: October 1, 2007


I hereby certify that a true copy of this document was served upon counsel for the plaintiffs (Mr. Shelley and Ms. Liebman) by electronic mail on October 1, 2007.

                                                         ____/s/ Deirdre Roney_____