UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                        )
CONSERVATION LAW FOUNDATION, INC.,      )
et al.,                                 )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )   NO.  06-11295 WGY
                                        )
DEVAL PATRICK et al.,                   )
                                        )
                Defendants.             )
_____ )
```

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED AND UNDISPUTED FACTS DATED OCTOBER 25, 2007**

Pursuant to Local Rule 56.1, defendants respond to ¶¶ 1-23 of Plaintiffs' Statement of Disputed and Undisputed Facts dated October 25, 2007, which set forth the facts plaintiffs contend are undisputed, below.  ¶¶ 24-28 of Plaintiffs' Statement, setting forth facts plaintiffs contend are disputed, are discussed in defendants' Memorandum.

1. Undisputed.

2. Disputed.  The interrogatory response referenced by plaintiffs in support of this statement establishes only that storm water runoff can be expected to occur from any MassHighway road or other facility, and does not establish that storm water runoff is "discharged through MassHighway's drainage system into waters of the United States."  Defendants' Response to Plaintiffs' Interrogatories dated December 20, 2006, Response to Interrogatory No. 5.

3. Disputed.  Plaintiffs rely on the affidavit of Dr. Vladimir Novotny and his report in

1

support of this statement, but the reliability of Dr. Novotny's analysis is disputed, Affirmation of David W. Ostendorf, ¶¶ 14-21. The other two documents referenced by plaintiffs in support of this statement establish only that highway runoff may contain the listed pollutants, and not that all highway runoff contains all of the listed pollutants all of the time, as plaintiffs' statement implies. In particular, defendants' March 2, 2005 Storm Water Management Plan (which defendants note is not the most up-to-date version of that plan) does not establish or even discuss the presence or not of the listed pollutants at the pages plaintiffs cite. Pages 2 and 51 of the 2002 United States Geological Survey study, "Effectiveness of Three Best Management Practices for Highway-Runoff Quality along the Southeast Expressway, Boston, Massachusetts," report measurements of highway runoff constituents on the Southeast Expressway on four days in 1999 and 2000.

4. Disputed. The interrogatory response referenced by plaintiffs in support of this statement establishes only that there are MassHighway roads in the proximity of impaired water bodies, and not that the impairments are related to storm water runoff from MassHighway roads. Defendants' December 1, 2006 letter also establishes no more than that.

5. Undisputed.

6. It is undisputed that the referenced letter contains the quoted statement, but the quoted statement is not a complete summary of that letter.

7. It is undisputed that the referenced letter contains the quoted statements, but the quoted statements are not a complete summary of that letter.

8. It is undisputed that the referenced letters contain the quoted statements, but the quoted

statements are not a complete summary of those letters.

9. Disputed. The documentation referenced by plaintiffs in support of this statement establishes only that plaintiffs prepared a letter as alleged, not that its contents were accurate.

10. Disputed. The documentation referenced by plaintiffs in support of this statement establishes only that plaintiffs offered testimony as alleged, not that it was accurate.

11. Disputed. MassHighway submitted a response to public comments concerning the NPDES General Permit for Storm Water Discharges from Small MS4s Notice of Intent to EPA on October 26, 2007. Affirmation of Henry L. Barbaro dated November 9, 2007, ¶ 3.

12. It is undisputed that the referenced letter contains the quoted statements, but the quoted statements are not a complete summary of that letter.

13. It is undisputed that the referenced letter contains the quoted statements, but the quoted statements are not a complete summary of that letter.

14. It is undisputed that the referenced letter contains the quoted statement, but the quoted statement is not a complete summary of that letter.

15. Undisputed.

16. Disputed. While it is correct that EPA sent letters to MassHighway dated January 25, 2007 and April 27, 2007, and that the January 25th letter identified one remaining permit eligibility criterion for MassHighway to satisfy, the April 27th letter in fact indicates that MassHighway's Notice of Intent was administratively complete and that MassHighway was authorized to discharge stormwater. Affidavit of Henry L. Barbaro dated June 7,

2007, Ex. B.

17. It is undisputed that the referenced letter contains the quoted statement, but the quoted statement is not a complete summary of that letter.  In addition, the date of the meeting between MassHighway and EPA is incorrectly stated to be December 21, 2007 rather than December 21, 2006 (the correct date).

18. It is undisputed that the referenced letter contains the quoted statements, but the quoted statements are not a complete summary of that letter.

19. Disputed.  MassHighway's Snow and Ice Control Generic Environmental Impact Statement dated May, 2006 contains specific commitments and measurable goals with timeframes to reduce pollution from de-icing.  Affirmation of Henry L. Barbaro dated November 9, 2007, ¶ 5.

20. Disputed. In response to plaintiffs' comment that MassHighway had failed to submit to EPA a complete listing of all outfalls in the MassHighway system, MassHighway noted that it had updated its submission to indicate which receiving waters were impaired and the type of the impairment; in any case, MassHighway is not required to complete the outfall inventory until May 2008.  Affirmation of Henry L. Barbaro dated November 9, 2007, ¶ 6.

21. Disputed.   In response to plaintiffs' comment that MassHighway's submission to EPA did not include a plan to identify and correct discharges, MassHighway noted that the Best Management Practices listed in its Storm Water Management Plan and the MassHighway Storm Water Handbook ensured that storm water discharges from MassHighway roads do not contribute to violations of water quality standards.

    Affirmation of Henry L. Barbaro dated November 9, 2007, ¶ 7.

22. Disputed.  MassHighway submitted its Year 4 Annual Report to EPA on April 30, 2007.

    Affirmation of Henry L. Barbaro dated November 9, 2007, ¶ 2.

23. Disputed.  MassHighway's Storm Water Management Plan is in the process of being revised to include more quantifiable measurable goals for each best management practice; further revisions to the Plan based upon EPA comments are anticipated, and the present intention is to submit those revisions to EPA in approximately January 2008.

    Affirmation of Henry L. Barbaro dated November 9, 2007, ¶ 8.

                                          Respectfully submitted,

                                          MARTHA COAKLEY
                                          ATTORNEY GENERAL

                                          Attorney for Defendants

                                          ____/s/ Deirdre Roney_____
                                          Deirdre Roney, BBO No. 652886
                                          Assistant Attorney General
                                          One Ashburton Place - Room 2019
                                          Boston, Massachusetts   02108
                                          (617) 727-2200, Ext. 2093

Date: November 9, 2007

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                          _____/s/ Deirdre Roney_____