UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEVAL PATRICK et al.,<br><br>Defendants. | NO.  06-11295 WGY |

### DEFENDANTS' TRIAL BRIEF

Defendants submit this trial brief pursuant to Local Rule 16.5(F). Defendants' previously filed First, Second, and Third Motions in Limine are incorporated herein with respect to the evidentiary issues those motions address.

### THE EVIDENCE AT TRIAL WILL ESTABLISH THAT DEFENDANTS ARE IN FULL COMPLIANCE WITH THE CLEAN WATER ACT, AND SPECIFICALLY WITH 33 U.S.C. §§ 1311 AND 1342, THE BASIS FOR PLAINTIFFS' SOLE CAUSE OF ACTION.

The Clean Water Act prohibits the discharge of any pollutant from a point source into navigable waters unless the discharge complies with the terms of an NPDES permit. 33 U.S.C. §§ 1311(a) and 1342; Gwaltney v. Chesapeake Bay Foundation, 484 U.S. 49, 52 (1987). The Complaint asserts a single cause of action pursuant to 33 U.S.C. §§ 1311 and 1342, Complaint ¶ 33. To establish a cause of action for violation of those sections of the Clean Water Act, plaintiffs must establish that defendants are discharging pollutants without an NPDES permit or in violation of an NPDES permit, U.S. v. Gulf States Steel, 54 F. Supp. 2d 1233, 1240 (N.D. Ala.

1999), U.S. v. Zanger, 767 F. Supp. 1030, 1033 (N.D. Cal. 1991), U.S. v. Sharon Steel Corp., 1989 WL 190241 (N.D. Ohio 1989), U.S. v. Confederate Acres Sanitary Sewer and Drainage System, 1988 WL 149362 (W.D. Ky. 1988); State of Michigan v. City of Allen Park, 501 F. Supp. 1007, 1014 (E.D. Mich. 1980).  Plaintiffs cannot make the required showing.

The evidence at trial will show that prior to April 2003, storm water discharges from Massachusetts Highway Department ("MassHighway") roads were regulated by the Massachusetts Department of Environmental Protection rather than the United States Environmental Protection Agency ("EPA").  In April 2003, EPA issued the Region 1 National Pollutant Discharge Elimination System General Permit for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems ("NPDES General Permit for Small MS4s").  Because MassHighway's road system is considered a Small Municipal Separate Sewer System ("MS4") for purposes of the General Permit, MassHighway was required to apply for coverage under that General Permit for its storm water discharges.

MassHighway complied with that requirement, submitting an application for such coverage in July 2003.  MassHighway received EPA's response 8 months later, in February 2004.  EPA requested, among other things, that MassHighway compile a storm sewer system map showing all outfalls, and a regulatory mechanism to prohibit discharges.  Recognizing the extremely time-consuming nature of preparation of an outfall map, EPA gave MassHighway until May 2008 to comply with that requirement, as well as an extension of time to file its amended application.  MassHighway submitted the second iteration of its application to EPA in March 2005.

Meanwhile, as the result of other litigation unconnected with this case, EPA was required

to allow public comment on applications for General Permit coverage such as that filed by MassHighway.  The plaintiffs in this case filed extensive comments concerning that application in December 2005.  EPA held a public hearing concerning MassHighway's application on February 17, 2006, at which representatives of plaintiffs testified and offered additional comments.

EPA commented on MassHighway's March 2005 submission by letter dated June 2006, imposing additional requirements on MassHighway with respect to demonstrating lack of impact of storm water discharges on endangered species, among other things.  MassHighway filed the third iteration of its application with EPA in August 2006.  Also in August 2006, EPA required MassHighway to respond to the public comment it had received from plaintiffs and others.  Following further correspondence with EPA, MassHighway submitted the fourth iteration of its application to EPA in December 2006.  EPA granted MassHighway partial authorization to discharge under the General NPDES Permit for Small MS4s on January 25, 2007, and full authorization to discharge on April 27, 2007.

While plaintiffs have contended that EPA's authorization of MassHighway's storm water discharges under the NPDES General Permit was not "valid" because EPA supposedly violated its own regulations by issuing the authorization while MassHighway continued to work on its Storm Water Management Plan, EPA disagrees with that interpretation.  The January 23, 2008 letter from EPA's Regional Counsel, Carl F. Dierker, establishes that EPA's interpretation of its regulations is consistent with defendants' position, not plaintiffs', and that EPA "approval" of MassHighway's Storm Water Management Plan is in no way a prerequisite to authorization to discharge.  As Mr. Dierker states, "Applicants for permit coverage are not required by the

regulations or the Permit to submit a written SWMP to EPA to obtain authorization to discharge. Similarly, neither the regulations nor the permit require that NOIs or SWMPs receive formal approval or disapproval" (Dierker letter, p. 2). Mr. Dierker goes on to note that "EPA authorized most of MassHighway's discharges on January 25, 2007, and the remainder on April 27, 2007." (Id.) In short, EPA interprets its regulations as authorizing it to grant MassHighway full authorization to discharge without regard to whether MassHighway has fully implemented, or even submitted, a Storm Water Management Plan. That interpretation is entitled to deference from this Court, Pepperell Associates v. EPA, 246 F. 3d 15, 22 (1st Cir. 2001), Pan American Grain Mfg. Co., Inc. v. EPA, 95 F. 3d 101, 103 (1st Cir. 1996), Adams v. EPA, 38 F. 3d 43, 49 (1st Cir. 1994).

Following receipt of full approval to discharge, MassHighway continued to revise its Storm Water Management Plan in response to comments received from plaintiffs, among others. MassHighway submitted a revised version of that Plan to EPA on January 16, 2008. The evidence at trial concerning the January 2008 Storm Water Management Plan will demonstrate that it comprehensively addresses every aspect of storm water management, including every comment raised by plaintiffs concerning earlier plan iterations. However, as EPA's letter makes clear, continued work on the Plan in no way affects the validity of MassHighway's authorization to discharge storm water from its highways, which has existed since April 2007.

Plaintiffs are expected to offer the testimony of Dr. Vladimir Novotny that storm water discharges from MassHighway roads contribute to the exceedance of various water quality standards. Dr. Novotny's testimony should be excluded for the reasons stated in defendants' Second and Third Motions in Limine; it is also irrelevant to the legal issues presented by this

case. The evidence at trial will demonstrate that Dr. Novotny's methodology is unreliable; but even if it were trustworthy, it would not matter. The Clean Water Act does not require that storm water discharged from MassHighway roads be clean enough to drink, only that those discharges comply with the terms of an NPDES permit. 33 U.S.C. §§ 1311(a) and 1342; <u>Gwaltney v. Chesapeake Bay Foundation</u>, <u>supra</u>, 484 U.S. at 52. The evidence at trial will show that MassHighway has been authorized to discharge storm water from its roads under the NPDES General Permit for Small MS4s since last April, and, therefore, that judgment should be granted for defendants.

## **Conclusion**

Judgment should be granted for defendants.

                            Respectfully submitted,

                            MARTHA COAKLEY
                            ATTORNEY GENERAL

                            Attorney for Defendants

                            ___/s/ Deirdre Roney_____
                            Deirdre Roney, BBO No. 652886
                            Assistant Attorney General
                            One Ashburton Place - Room 2019
                            Boston, Massachusetts  02108
                            (617) 727-2200, Ext. 2093

Date: February 7, 2008

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                            _____/s/ Deirdre Roney_____