UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., CHARLES RIVER WATERSHED ASSOCIATION, INC., and LEOMINSTER LAND TRUST, INC., Plaintiffs, v. DEVAL PATRICK in his official capacity as GOVERNOR OF MASSACHUSETTS; JOHN COGLIANO, in his official capacity as SECRETARY OF TRANSPORTATION; and LUISA PAIEWONSKY, in her official capacity as COMMISSIONER OF MASSACHUSETTS HIGHWAY DEPARTMENT, Defendants. | CIVIL ACTION 06-11295-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.                                         April 14, 2011

## I.   INTRODUCTION

This case has been pending in this Court since July 2006. In May 2008, after a six-day bench trial, this Court found the Massachusetts Department of Transportation ("MassDOT") to be in violation of a number of provisions of its National Pollutant Discharge Elimination System General Permit for Storm Water Discharges from Small Municipal Separate Storm Sewer Systems (the "Permit"). Specifically, the Court found that MassDOT was

"contributing to discharges that cause on occasion instream exceedance of water quality standards" at three specific sites. Findings & Rulings Tr. 5:6-11, May 30, 2008, ECF No. 144-1. The Court also found that MassDOT's Storm Water Management Plan did not comply with the Permit's requirements, id. 7:13-16, and that MassDOT was not adequately assessing the sufficiency of discharge control measures being taken, id. 9:2-8. At that time, however, the Court explicitly declined to generalize from the proven violations to the conclusion that MassDOT was contributing to water quality standard violations throughout the Boston metropolitan area. Id. 5:11-16.

Despite finding these violations, the Court in May 2008 was satisfied with the representations of MassDOT that it would take appropriate remedial steps and declined to enter an injunction. Id. 10:18-21. MassDOT failed to carry out those representations.[1] As a result, on May 11, 2010, this Court issued an injunction ordering MassDOT immediately to begin remedial construction at the three sites at which it was found in violation. The Court also ordered MassDOT to comply with three modifications to its Storm Water Management Plan identified by the Environmental Protection Agency: (1) to describe control

---

[1] Partially owing to this failure by MassDOT, this Court determined that CLF was a prevailing party in this case and awarded it interim attorneys' fees and costs accordingly. See Mem. & Order, Mar. 4, 2011, ECF No. 150.

2

measures and best management practices for impaired waters without Total Maximum Daily Load restrictions, (2) to assess within five years all waters with Total Maximum Daily Load restrictions, and (3) to propose schedules for the implementation of required best management practices as they are identified and to implement these best management practices within five years. See Tr., May 11, 2010, ECF No. 103; Letter from United States Environmental Protection Agency to Massachusetts Department of Transportation 4-5, Apr. 22, 2010, ECF No. 101-1.

Since the issuance of that injunction, MassDOT has taken positive steps to comply with the Court's order. MassDOT has submitted reports detailing its compliance with the E.P.A. requirements. See Supplemental Response, ECF No. 111; Second Supplemental Response, ECF No. 126. MassDOT also submitted, and this Court approved, a remedial plan for the identified three sites and a revised Storm Water Management Plan. See Order, July 26, 2010, ECF No. 128. MassDOT subsequently submitted additional reports concerning construction at the three sites as requested by this Court, the last such submission having taken place in January 2011. See Response, ECF No. 130; Supplemental Response, ECF No. 136; Second Supplemental Response, ECF No. 145.

In January 2011, MassDOT moved for the entry of judgment. ECF No. 141. The Conversation Law Foundation ("CLF") has opposed this motion and moved for additional injunctive relief. ECF No.

148. The Court hereby allows MassDOT's motion for judgment and denies CLF's motion for additional injunctive relief.

## II. ANALYSIS

Once a court has resolved all disputes concerning the merits of a case - including both liability and remedies - it must enter judgment pursuant to Federal Rule of Civil Procedure 58. CLF argues that disputes regarding the appropriate remedies still exist and that the Court ought further enjoin MassDOT, thus rendering the entry of judgment premature.

In order to obtain injunctive relief, CLF must satisfy the four-factor test set out by the Supreme Court. It must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2756 (2010) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). Here, CLF's request for further injunctive relief fails because it has not demonstrated that it has suffered any injury - irreparable or otherwise - that demands the issuance of another injunction.

At the close of the bench trial in this case, this Court found that MassDOT had committed two general categories of Permit

4

violations: it had caused instream exceedances of water quality standards at three specific sites, and numerous deficiencies existed in its Storm Water Management Plan. The Court explicitly stated that it would not infer from these violations that MassDOT was responsible for broader violations of water quality standards throughout the urban area. The Permit violations found were addressed in the Court's subsequent remedial order of May 11, 2010.

Since the issuance of that order, MassDOT has complied with the Court's instructions: It submitted an engineering plan for the three specific violative sites and began construction to remedy those sites. It further submitted - and this Court approved - a revised Storm Water Management Plan. CLF argues that these steps taken by MassDOT are inadequate because it is not implementing the revised plan in good faith, citing a number of technical disagreements with the manner of implementation. See Pls.' Mem. Opp'n Defs.' Mot. Entry J. 10-18, ECF No. 148.

The Court declines to engage in ongoing supervision of the technical aspects of MassDOT's activities, as such activities lie properly within the professional judgment of MassDOT and outside the expertise of this Court. Moreover, such ongoing supervision would be unduly intrusive, burdening both this Court and MassDOT. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 193 (2000).

The Court is also mindful of the federalism concerns raised by this type of institutional reform case. See Horne v. Flores, 129 S. Ct. 2579, 2593 (2009). These concerns are heightened where, as here, the requested injunction would have the effect of dictating the manner in which state and local governments spend their limited funds. Id. at 2593-94. In this case, this fiscal concern is brought into sharp relief, as CLF's proposed additional injunctive relief includes Court oversight of MassDOT's funding. See Proposed Order ¶ 9, ECF No. 148-4. It is not the place of this Court to take such a role in the fiscal decisionmaking of the Commonwealth of Massachusetts, and this Court will not do so.

Because this Court rules that no further injunctive relief is required to resolve the remedial aspect of this case, judgment is appropriate and shall enter pursuant to Federal Rule of Civil Procedure 58. This decision ought not be interpreted as a finding by this Court that there is no possibility of future Clean Water Act violations by MassDOT. Cf. Friends of the Earth, 528 U.S. at 193. Indeed, this Court is somewhat reticent to rely on the representations of MassDOT in light of its dilatoriness following the bench trial, which necessitated the injunction of May 2010. Nevertheless, this Court merely concludes that additional judicial supervision of MassDOT's activities is neither necessary to remedy the violations found in this case nor

appropriate given the relationship between this Court and the Commonwealth of Massachusetts.

## III. CONCLUSION

For the above reasons, MassDOT's motion for the entry of judgment, ECF No. 141, is ALLOWED. CLF's motion for further injunctive relief, ECF No. 148, is DENIED.

To ensure continued compliance with this Court's order of May 11, 2010, see ECF No. 103, judgment shall enter as follows:

1) On or before May 31, 2011, MassDOT shall submit to this Court a report summarizing MassDOT's activities during the first year of its Impaired Waters Program. This report shall include a summary of any changes or modifications made to its Storm Water Management Plan.

2) On or before October 31, 2011, MassDOT shall file with this Court a report detailing the inspection and maintenance activities undertaken at the three identified sites during the first year after completion of construction.

So Ordered.

    /s/ William G. Young
William G. Young
District Judge