# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CONSERVATION LAW FOUNDATION, INC.** **et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **DEVAL PATRICK et al.**, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 06-11295 (WGY) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs hereby submit this Memorandum in support of Plaintiffs' Assented-To Motion to Alter or Amend the Judgment entered on April 14, 2011 to correct a clerical error pursuant to Rule 60 or Rule 59(e), or, alternatively, pursuant to Rule 59(e) or 60(b) on the grounds that manifest injustice would occur should Judgment not be entered for Plaintiffs rather than Defendants.

### I. SUMMARY OF PROCEEDINGS

In May 2008, after a six-day trial, this Court issued Findings and Rulings on liability and remedies. (May 30, 2008 Tr. at 12:4-16, 15:18-22). The Court found that Defendants were violating four specific provisions of MassDOT's Municipal Stormwater Permit ("MS4 Permit"), and ordered MassDOT to submit both a remediation plan for the Three Sites and a Revised Stormwater Management Plan (SWMP) to address the permit violations. (May 30, 2008 Tr. at 12:4-16, 15:18-22). On May 11, 2010, after a Status

1

Conference and briefing initiated by Plaintiffs, the Court reiterated its finding that Plaintiffs were the prevailing parties, and issued additional injunctive relief "in light of the dilatory record of the Commonwealth" (the "May 2010 Order"). (May 11, 2010 Tr. 3:20-21, 4:21-25.) In a Memorandum and Order issued on April 14, 2011, the Court reiterated its prior findings on liability and its prior injunctive orders, including a restatement that Plaintinffs were the prevailing parties. (April 14, 2011 Mem. & Order, at 2, FN 1). The Court ordered MassDOT to submit two additional compliance reports to the Court during 2011, found that further oversight and injunctive relief beyond these reports was not necessary, and stated that Judgment would issue.

Also on April 14, 2011, the Clerk of Court entered a form of judgment that reads, in relevant part, "[i]t is ordered and adjudged judgment for the defendants." For the reasons below, Plaintiffs, with the consent of Defendants, now seek to amend this form of judgment to reflect entry of judgment for Plaintiffs, not Defendants.

## II.  ARGUMENT: JUDGMENT IS PROPERLY ENTERED FOR PLAINTIFFS, NOT DEFENDANTS

The Judgment document (Dkt. No. 156) properly should reflect that Judgment was entered for Plaintiffs Conservation Law Foundation, Charles River Watershed Association, and Leominster Land Trust, given that this Court has already found that Plaintiffs prevailed in the case. As issued, the Judgment (Dkt. No. 156) reads that Judgment was issued for the Defendants. Correction of the Judgment document is warranted under Rule 60 or Rule 59(e) of the Federal Rules of Civil Procedure, or both.

Rule 59(e) provides for alteration or amendment of a judgment under Rule 59(e) to correct a clerical mistake, to correct a manifest error of law, or to prevent manfiest injustice. Fed. R. Civ. Pr. 59(e); see Lewis v. City of Brockton 1990 WL 26840 (D.Mass.) (correcting failure to include prejudgment interest); Turner v. Johnson & Johnson, 624 F.Supp. 830, 835 (D. Mass. 1985) (failure to include prejudgment interest corrected as a clerical mistake or error of law); Lincoln Precision Machining Co. v. Lug-All Corp., Slip Op., 2010 WL 3720012 , at *2 (D. Mass.) (awarding additional injunctive relief to correct a clear error of law or prevent manifest injustice).  Rule 60(a) provides for relief from judgment to correct a clerical mistake or a mistake arising from oversight or omission.  Fed. R. Civ. Pr. 60(a); see Lewis v. City of Brockton 1990 WL 26840, at *1 (D.Mass.)   Rule 60(b) affords relief from judgment on grounds of mistake, or where such relief is in the interests of justice.  Fed. R. Civ. Pr. 60(b); see Lincoln Precision Machining Co. v. Lug-All Corp., Slip Op., 2010 WL 3720012 , at *2 (D. Mass.) (motion was made in the alternative under 59(e) and 60(b)).

The Judgment appears to reflect a mistake or clerical error in that Judgment should have been entered for Plaintiffs, rather than Defendants.  The Court's Memorandum and Order (Dkt. No. 155) contained a ruling in Defendants' favor on the issue of whether Judgment was appropriate at this time, as raised by Defendants' Motion for Judgment (Dkt. Nos. 142-144).  This posture may have precipitated clerical error in the form of Judgment, itself.[1]

In the alternative, given that Plaintiffs prevailed at trial on liability under the Clean Water Act and were accorded injunctive relief to correct Defendants' violations,

---

[1] Neither Defendants' brief nor proposed form of Judgment suggested that Judgment should be issued in favor of Defendants.  See Dkt. Nos. 142-144.

3

manifest injustice would result from issuance of Judgment for Defendants. That Plaintiffs are the prevailing party remains true notwithstanding the Court's ruling that no further relief is needed at this time. Plaintiffs brought suit alleging Defendants were violating the Clean Water Act. The Court agreed. Therefore, judgment should enter in Plaintiffs favor.

## V.  CONCLUSIONS

For the foregoing reasons, Plaintiffs move that the Judgment (Dkt. No. 156) be altered to reflect that Judgment is entered for Plaintiffs.

Respectfully submitted,

Plaintiffs, by their Attorney,

**CONSERVATION LAW FOUNDATION,
LEOMINSTER LAND TRUST, AND
CHARLES RIVER WATERSHED ASSOCIATION**

Cynthia E. Liebman, BBO #665528
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
(617) 350-0990 x744
CLiebman@clf.org

Dated: April 15, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Memorandum was served on all parties registered through the Court's electronic filing system.

/s/ Cynthia E. Liebman

Dated: April 15, 2011