UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
CONSERVATION LAW FOUNDATION,                )
INC., et al.,                               )
                                            )
            Plaintiffs,                     )
                                            )   Case No. 06-11295-WGY
      v.                                    )
                                            )
DEVAL PATRICK, et al.,                      )
                                            )
            Defendants.                     )
_____ )

### AFFIDAVIT OF TORI T. KIM

I, Tori T. Kim, hereby depose and state as follows:

1.      I am an Assistant Attorney General for the Commonwealth of Massachusetts. I represent Defendants in the above-referenced matter, and am not a party to this action. I have personal knowledge of the matters set forth herein.

2.      I prepared the accompanying Defendants' Memorandum in Opposition to Plaintiffs' Motion for Final Award of Costs of Litigation (Doc. No. 173) and Exhibits ("Exs.") 1-6 attached hereto, which have been submitted by the Massachusetts Department of Transportation ("MassDOT") on behalf of Defendants. I have confirmed, to the best of my ability, that the data and formulas contained in the attached exhibits are accurate.

**Overview**

3.      Exhibit 1 contains a summary comparing the total attorneys' fees, expert fees, and other costs sought by Plaintiffs' counsel, Conservation Law Foundation ("CLF") and Shearman & Sterling ("S&S"), to those proposed by MassDOT (to the extent any fees are awarded by the

Court).  This exhibit shows MassDOT's proposed hours and fees, broken down by "CLF Total" and "CLF Timekeeper."

  4.  Exhibit 2 contains a detailed listing of MassDOT's proposed hours for time spent on Plaintiffs' interim fee application.

  5.  Exhibit 3 contains a detailed listing of MassDOT's proposed hours for post-May 2010 monitoring.[1]

  6.  Exhibit 4 contains a detailed listing of other proposed deductions relating to "Vague, Excessive, Non-Legal Tasks."

  7.  Exhibit 5 contains a detailed listing of other proposed deductions relating to "Work on Motion for Entry of Judgment."

  8.  Exhibit 6 contains a detailed listing of other proposed deductions relating to "Administrative Tasks."

**Explanation of Proposed Hours and Fees (Exhibits 1-3)**

  9.  With respect to Plaintiffs' interim application for litigation costs, CLF seeks fees for 103.69 hours between May 12, 2010 and March 2011 (when this Court granted in part Plaintiffs' application).  I computed this time by taking the number of hours listed under the "Time on Attys Fees" category in CLF's time sheets for the above period (92.19 hours), then adding 2.5 hours for Mr. Kilian during the period March 16-24, 2011, and 9 hours for Ms. Liebman during the period March 17-24, 2011.  Mr. Kilian and Ms. Liebman billed the latter

---

[1] The time records submitted by CLF's attorneys (Christopher Kilian, Cynthia Liebman, and Wendy Miller) divide their hours into two categories:  "Time on Fees Motions" (or "Time on Attys Fees") and "Time on Other Aspects of Case."  See Doc. Nos. 162-1, 164-1.  All hours in the latter category relate to what Plaintiffs have termed "post-trial monitoring" activities.  Pls. Mem. (Doc. No. 161) at 10.

hours for work concerning a "Rule 59(e) motion / appeal."  Though not categorized as "Time on Attys Fees," these hours appear related to this Court's March 4, 2011 fee award.

10. In Exhibit 2, I compiled a listing of MassDOT's proposed hours for Plaintiffs' interim fee application.  I deducted the following:  Mr. Kilian billed 15 hours under the vague entry, "MHD Fee Petition," without specifying the tasks performed.  See Doc. No. 162-1 at 4 (6/24/10-7/2/10 entries).  CLF attorneys billed 16.66 hours in March 2011 for reviewing this Court's March 4, 2011 fee award, considering appeal options, and providing internal updates within CLF.  See Doc. No. 162-1 at 5 (Kilian, 3.5 hours: 3/7/11-3/24/11); id. at 13-14 (Liebman, 12.83 hours: 3/7/11-3/24/11); Doc. No. 164-1 at 4 (Miller, 0.33 hours: 3/15/11)—these activities did not result in an appeal of this Court's fee award.  Further, Mr. Kilian and Ms. Liebman billed 1 and 4.25 hours, respectively, to compile materials for CLF staff, interns, and volunteers, whose hours were disallowed in substantial part by this Court.  See id. (Kilian: 7/2/10); id. at 8 (Liebman: 6/17/10, 6/23/10, 6/24/10); see also Doc. No. 150 at 14-15, 19-21 (3/4/11 Order).

11. After applying the deductions described in ¶ 10, I applied "non-core" rates, equaling two-thirds the rates requested by CLF, to the total proposed hours relating to Plaintiffs' interim fee application.  The non-core rates proposed by MassDOT are $207, $117, and $117, respectively, for Attorneys Kilian, Liebman, and Miller.  Exhibit 1 shows the total hours and fees proposed by MassDOT for Plaintiffs' interim fee application, namely:  66.78 hours and $10,738.26 in fees.

12. With respect to "post-trial monitoring," CLF has requested compensation for a total of 269.76 hours, and $51,595.50 in fees—I computed these amounts by adding the total hours and fees requested by each CLF attorney in the "Time on Other Aspects of Case" category of CLF's time records.  See Doc. No. 162-1 at 2.  To the extent this Court awards any fees for

3

this work, MassDOT proposes that any such award be limited to reasonable time spent on reviewing MassDOT's June and July 2010 submissions to this Court and its reports to EPA, preparing for and attending discussions with MassDOT's counsel prior to this Court's approval of Defendants' remedial plan on July 26, 2010, and conferring with MassDOT's counsel regarding its motion for entry of final judgment. Exhibit 3 contains a listing of MassDOT's proposed hours reflecting these tasks (1.25 hours for Mr. Kilian; 33.3 hours for Ms. Liebman; 5.17 hours for Ms. Miller).[2] Exhibit 1, in turn, shows the total hours and fees proposed by MassDOT for post-trial monitoring, namely: 39.72 hours and $7,119.75 in fees.

**Explanation of Other Proposed Deductions (Exhibits #4-6)**

13. To the extent this Court awards fees beyond the above amounts, I compiled, in Exs. 4-6, a listing of other proposed deductions for "Vague, Excessive, Non-Legal Tasks," "Work on Motion for Entry of Judgment," and "Administrative Tasks."

14. Exhibit 4 represents a listing of CLF's time entries showing vague, excessive, and non-legal tasks. For Mr. Kilian, I deducted 2.5 hours that he billed for attending a meeting with the EPA on February 17, 2011. See Doc. No. 162-1 at 5. Unlike the meetings and calls held with MassDOT and EPA in summer 2010, CLF's separate communications with EPA were not undertaken pursuant to any court order, or as an effort to amicably resolve disputes regarding MassDOT's remedial plan. See infra, ¶¶ 23-24. Thus, these hours should be deducted.

15. Additionally, I deducted for other vague and excessive billing entries in Mr. Kilian's time records. Specifically, Mr. Kilian billed one hour for "Court Order Review" on July 21, 2010 (Doc. No. 162-1 at 4), even though the July 26 Order approving MassDOT's remedial

---

[2] Mr. Kilian overestimated the length of a January 5, 2011 call with MassDOT's counsel as lasting 1 hour, as compared to Ms. Liebman's 15 minutes. Compare Doc. No. 162-1 at 5 with id. at 11; see also infra, ¶ 26. This time was reduced to 0.25 hour. Additionally, I applied a 20 percent deduction to any block-billed entry that did not entirely reflect the activities above.

4

plan was issued five days later; on July 26, 2010, he billed another two hours for merely reviewing the July 26 Order—I reduced these hours to 0.5 hour total. Mr. Kilian also billed two hours on September 20, 2010 for reviewing unspecified "materials" without identifying the purpose of such review, see Doc. No. 162-1 at 4; as this Court had already approved MassDOT's remedial plan by this time, these hours were unnecessary.

16. After applying the deductions in ¶¶ 14-15 (and the monitoring hours identified in ¶ 12), I proposed that the remainder of Mr. Kilian's hours relating to post-trial monitoring be compensated at a "non-core" rate of $207 per hour (two-thirds his requested rate).[3] This is because Mr. Kilian spent all of these hours attending internal meetings or calls, or reviewing materials in advance of such meetings and calls. The only exceptions (in his entire time records) are: (i) a 6/4/10 call with MassDOT's counsel regarding the Impaired Waters Program, which is included in MassDOT's proposed monitoring hours in ¶ 12; (ii) a 1/5/11 call with MassDOT's counsel regarding entry of final judgment, which is also included in ¶ 12 & n.2; and (iii) a 2/17/11 meeting with the EPA, which should be deducted, as discussed in ¶ 14.

17. For Ms. Liebman, I first computed the number of hours that she spent on post-trial monitoring after July 26, 2010, when this Court approved all of MassDOT's remedial measures. Based on my calculation, Ms. Liebman billed a surprising 97.59 hours, or 56% of the 173.01 total hours requested for monitoring activities. Ms. Liebman billed 5 hours between August 23, 2010 and September 28, 2010 (see Doc. No. 162-1 at 9), even though no litigation activity occurred during this period—specifically, this Court approved MassDOT's remedial plan on July 26, 2010, and the parties did not begin conferring on a possible motion for entry of judgment until November 2010, see id at 10 (Liebman: 11/8/10). I do not recall informing Ms. Liebman of

---

[3] Mr. Kilian's remaining hours equal 22.75 hours (out of 32.5 requested), as 2.5 hours were added to the time spent on fee applications. See supra, ¶ 9.

5

Defendants' intent to move for entry of judgment until about September 30, 2010.  See infra, ¶ 25; see also Doc. No. 144 (1/21/11 Kim Aff. Supp. Mot. Entry J.), ¶ 4.  Accordingly, I deducted the above hours in Ex. 4.

18.     Additionally, I deducted 0.5 hours for a press call that Ms. Liebman made on April 14, 2011.  See Doc. No. 162-1 at 14.  And, I deducted 14.33 hours that Ms. Liebman spent on preparing for and attending meetings/calls with the EPA (without MassDOT).  See id. at 6, 8, 11-14 (5/18/10, 6/17-6/18/10, 12/16/10, 2/4/11, 2/9/-17/11, 4/5/11, 4/13/11).

19.     For Ms. Miller, I deducted 11.41 hours that she billed in September and October 2010, after this Court had approved MassDOT's remedial plan and no motions were pending.  See Doc. No. 164-1 at 1.  Ms. Miller also billed 5.59 hours for attending a meeting with the EPA, and drafting subsequent correspondence.  Id. at 3 (12/16/10, 12/22/10).

20.     Ms. Miller's remaining hours reflect significant duplication, as she often reviewed the same materials and attended the same calls as other attorneys, without making a significant contribution to CLF's court filings.  Compare Doc. No. 164-1 at 1, 3-4 (team calls on 6/2/10, 11/23/10, 12/21/10, 1/26/11, 2/1/11; review of materials on 1/26/11, 2/1/11, 2/14/11) with Doc. No. 162-1 at 4-5 (Kilian: team calls on 6/2/10, 12/21/10, 2/1/11); id. at 7, 10-12 (Liebman: calls on same dates as Miller);[4] id. at 10, 12 (Liebman: review of same materials on 11/30/10, 1/21/11, 1/31/11, 2/4/11).  Ms. Miller primarily drafted internal memoranda for other team members, see Doc. 164-1 at 2, 4 (9/28/10, 10/13/10, 11/17-18/10, 2/1/11, 2/15/11), while Ms. Liebman drafted the majority of CLF's court papers, see Doc. No. 162-1 at 11-13 (1/7/11, 2/3-2/4/11, 2/23-25/11).

---

[4] Ms. Liebman's time records show a "team call" and another conference call with Tom Schueler on January 25, 2011, both of which appear to be the same as those recorded by Ms. Miller on January 26, 2011.  Compare Doc. No. 162-1 at 12 with Doc. No. 164-1 at 3.

In Ex. 4, I proposed deducting all of Ms. Miller's remaining hours after July 26, 2010 or, alternatively, applying a 50 percent deduction.

21.     Exhibit 5 represents a listing of Ms. Liebman's time entries showing excessive work on Defendants' motion for entry of judgment.  Starting November 8, 2010, Ms. Liebman billed 61.24 hours to this task, representing over 35 percent of her requested monitoring hours.  I proposed applying a 50 percent deduction to this time.

22.     Exhibit 6 shows a listing of Ms. Liebman's time entries reflecting administrative or clerical tasks.  Specifically, Ms. Liebman billed for preparing intern assignments and circulating materials to team members, see Doc. No. 162-1 at 6, 10 (1.7 hours: 5/24/10, 11/30/10); updating case files, id. at 10 (0.5 hour: 11/8/10); conferring on work plans and scheduling, id. at 8, 10, 12 (0.75 hours: 6/10/10, 11/8/10, 2/7/11); calling the court clerk, id. at 12 (0.1 hour: 2/3/11); and updating CLF's managing attorney on case status, id. at 13 (0.5 hour: 3/10/11).  I proposed deducting all of these hours.

### Meetings and Conference Calls with EPA and Plaintiffs' Counsel

23.     On May 20 and 25, 2010, I attended meetings with EPA and CLF to discuss MassDOT's responses to the EPA's letter of April 22, 2010 (the "EPA Letter").  On about May 19, May 28, and June 22, 2010, I participated in conference calls with CLF attorneys to discuss MassDOT's submissions in response to the EPA Letter and this Court's May 11, 2010 Order.  On June 4, 2010, I attended a call with EPA and CLF attorneys to discuss these issues.

24.     Apart from the above dates, I do not recall any other meetings or calls with CLF regarding MassDOT's submissions, or discussions together with EPA and CLF, between May 11, 2010 and July 26, 2010, the date of this Court's approval of MassDOT's remedial plan.  To the extent CLF separately met or communicated with EPA apart from the above dates, I was not

7

aware of, and did not participate in, any such discussions. These discussions between CLF and EPA were not conducted pursuant to any court order, or as an effort to amicably resolve disputes regarding MassDOT's remedial plan.

25. On or about September 30, 2010, and again on or about November 4, 2010, I informed Ms. Liebman of Defendants' intent to move for entry of final judgment. Between about November 15, 2010 and January 5, 2011, I engaged in discussions with CLF attorneys regarding the terms of a possible final judgment.

26. On January 5, 2011, I participated in a final conference call with CLF attorneys to discuss Defendants' motion for entry of judgment. I do not recall this call lasting more than 15 minutes, nor do I recall any further calls with CLF prior to the filing of Defendants' motion on January 21, 2011.

Signed under the penalties of perjury this 11th day of July 2011.

_____/s/ Tori T. Kim_____
Tori T. Kim

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on today's date.

___/s/ Tori T. Kim_____
Tori T. Kim